NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUENA GONG; JIAYING SONG; JIAHAO SONG, | No.   21-70105 |
| Petitioners, | Agency Nos.    A206-854-818 |
| | A206-854-819 |
| v. | A206-854-820 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 23, 2026
Honolulu, Hawaii

Before:  N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Xuena Gong and her adult son and daughter, natives and citizens of China,

petition for review of an order of the Board of Immigration Appeals ("BIA")

dismissing an appeal of a decision from an Immigration Judge ("IJ") denying

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Gong's application for asylum[1] and withholding of removal.[2] "Our review is limited to the BIA's decision except to the extent that it expressly adopts the IJ's opinion." *De Souza Silva v. Bondi*, 139 F.4th 1137, 1142 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the BIA's past persecution determination. *See* 8 U.S.C. § 1101(a)(42) (the term "refugee" may encompass an individual "who has been persecuted for failure or refusal [to abort a pregnancy or to undergo involuntary sterilization] or for other resistance to a coercive population control program"); *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). The BIA concluded that the incidents Gong and her immediate family experienced do not constitute past persecution. "Although [Gong's] experiences are disturbing and regrettable, they do not evince actions so severe as to compel a finding of past persecution." *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Sharma v. Garland*, 9 F.4th 1052, 1063–64 (9th Cir. 2021).

Contrary to Gong's arguments, there is no evidence that, in coming to its past persecution determination, the BIA failed to consider her testimony that she was slapped and briefly detained by family-planning officials. Rather, the BIA cited

---

[1] Gong's adult children are derivative asylum applicants.

[2] Gong did not challenge before the BIA or this court the IJ's determination that she withdrew her CAT claim. Accordingly, Gong's CAT claim is unexhausted and forfeited. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

pertinent portions of the record and stated that it considered all of Gong's evidence cumulatively, demonstrating for us that the BIA did not "ignore" Gong's arguments and that it "fully reviewed the evidence." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Substantial evidence also supports the BIA's determination that Gong did not establish an objectively well-founded fear of future persecution. *See Sharma*, 9 F.4th at 1065–66. As the BIA determined, Gong has not established that she would be in violation of family planning policies, or that she would be subjected to forced sterilization as opposed to nonpermanent forms of birth control, if returned to China. Gong's testimony and the country conditions evidence do not compel a contrary conclusion. *See id.* (record did not compel finding of future persecution where there was little evidence that alleged persecutors had "continuing interest" in petitioner).

Because Gong has not met the lesser burden of establishing eligibility for asylum, she cannot meet the more stringent burden required for withholding of removal. *See id.* at 1066.

**PETITION DENIED.**